

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**
OCT 17 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **NICOLE HERMON,**<br><br>　　　　　　　PLAINTIFFS,<br>VS.<br><br>**CHICAGO PARK DISTRICT, CHICAGO HOUSING AUTHORITY, AND CHICAGO PUBLIC SCHOOLS,**<br>　　　　　　　Defendant. | CASE NO: ..................<br><br>1:25-cv-12706<br>Judge Robert W. Gettleman<br>Magistrate Judge Maria Valdez<br>RANDOM / CAT.2 |

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (TITLE II) AND SECTION 504 OF THE REHABILITATION ACT

### INTRODUCTION

Plaintiff, Nicole Hermon, by and through herself Pro Se, hereby files this Complaint against Defendants Chicago Park District (CPD), Chicago Housing Authority (CHA), and Chicago Public Schools (CPS) for their ongoing failure to provide accessible services, programs, and facilities at Robert Taylor Park, in violation of Title II of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973.

### I. JURISDICTION AND VENUE

1. This action arises under Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. §12131 *et seq.*).

2. This action also arises under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794).

3. The implementing regulations relevant to this action are found at 28 C.F.R. Part 35.

4. This Court possesses subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§1331 and 1343.

5. Venue is proper in the United States District Court for the Northern District of Illinois because all relevant events, acts, and omissions giving rise to the claims occurred within Chicago, Illinois, within this District.

## II. PARTIES

6. **Plaintiff NICOLE HERMON** is a qualified individual with a disability.

7. Plaintiff sought to access Robert Taylor Park for the purpose of accompanying her grandchild to a recreational program.

8. Plaintiff was denied equal access due to multiple architectural and programmatic barriers maintained by the Defendants.

9. **Defendant CHICAGO PARK DISTRICT (CPD)** is a municipal corporation responsible for the management and maintenance of Robert Taylor Park and its recreational programs. CPD is a public entity subject to Title II of the Americans with Disabilities Act.

10. **Defendant CHICAGO HOUSING AUTHORITY (CHA)** is a public entity that owns the land on which Robert Taylor Park is located. CHA is a recipient of federal assistance and is therefore subject to Section 504 of the Rehabilitation Act.

11. **Defendant CHICAGO PUBLIC SCHOOLS (CPS)** is a public entity that operates Ludwig Van Beethoven Elementary School, which is adjacent to Robert Taylor

Park. CPS conducts programs on the land owned by CHA. CPS is a recipient of federal funding and is subject to Section 504 of the Rehabilitation Act.

12. CPD, CHA, and CPS jointly use the property upon which the discriminatory barriers exist.

### III. STATEMENT OF FACTS

13. Robert Taylor Park is situated on property owned by Defendant CHA and is jointly used by Defendants CPD and CPS. The property includes a generously sized parking lot that appears to be shared between the school and park district, though there is no labeling specifying ownership.

14. The adjacent parking lot has parking along the front of the school and on both sides of the driveway behind an empty lot and the park district building. The school's perimeter has ample signage, but none of the signage indicates the lot belongs to the school. There is one sign that notes the lot is only open during school hours.

15. The joint use and control of the property by all three Defendants—CHA (landowner), and CPD and CPS (operators)—renders them **jointly and severally liable** for the maintenance and removal of accessibility barriers under both Title II of the ADA and Section 504 of the Rehabilitation Act. This is consistent with federal regulations establishing joint liability for entities sharing control over public accommodations and programs (See 28 C.F.R. § 36.201(b) and its extension to Title II and Section 504).

### A. Plaintiff's Attempted Access and Denial of Service

16. Plaintiff Nicole Hermon visited Robert Taylor Park on or around September 4, 2025, to accompany her grandchild.
17. The specific program Plaintiff sought to access was the "Kick the Streets" karate program.
18. Plaintiff was deterred and denied equal access to the park and its programs due to the combination of missing accessible parking facilities, unsafe routes, and the lack of elevator access.
19. Plaintiff was unable to use the facilities and programs provided by the Defendants due to the structural barriers detailed below.

### B. Architectural Barriers and Inspection Findings

20. On October 3, 2025, at 12:01 pm, licensed investigator Tony Mirato (Lic.#115.002784 and Lic.#119.001817) of Chicagoland Detective Services (Lic# 117.001343) conducted an inspection of Robert Taylor Park, located at 39 W 47th Street, Chicago, IL 60609. The Investigator certified his report on 10/09/2025.
21. The inspection confirmed the existence of numerous architectural barriers in violation of the Americans with Disabilities Act (ADA) Standards for Accessible Design (2010 ADA Standards).

### C. Parking and Signage Violations

22. The shared rear parking lot contains **no accessible parking spaces**, in violation of 2010 ADA §§208.2, 502.2–502.6.

23. The lot has **no upright signage** identifying accessible parking spaces, in violation of 2010 ADA §502.6. Photographic evidence (Exhibit C) confirms the absence of posted signage designating accessible parking.
24. While the school side of the lot appears to have two handicapped parking spaces flanking a ramp leading to the school entrance, the area across the way behind the park district building, designated for roughly 15 vehicles, contains no handicapped parking spaces or ramps to make the sidewalk or park accessible.

### D. Unsafe Accessible Routes

25. There are **no curb ramps or accessible routes** from the parking area to the park entrance, in violation of 2010 ADA §§206.2.1, 402.2, and 406.4.
26. The existing pavement is **broken and uneven**, rendering it unsafe for wheelchair users, in violation of 2010 ADA §§302.1 and 403.4. The cracked pavement and broken sidewalks create serious safety hazards.
27. The only apparent route for ADA access to the park district property is an **unmarked ramp located between dumpsters**. This makeshift route is presumably used for garbage removal.
28. Even after navigating through the trash route, the sidewalk is severely damaged, making it very difficult and dangerous to navigate. The investigator summarized this access point as dirty and dangerous and noted that it is not marked as an access point to the park. This route violates 2010 ADA §§206.2.1 and 403.5.1.
29. Vehicles park directly adjacent to the only existing pedestrian path, forcing individuals using mobility devices to navigate active traffic lanes.

### E. Programmatic and Interior Barriers

30. The "Kick the Streets" karate program, which Plaintiff attempted to access, is conducted on the **second floor of the park building.**

31. There is **no elevator** to provide access to the second floor.

32. There is **no posted signage** indicating an alternative accessible entrance or alternative access method, in violation of 2010 ADA §§206.2.3, 216.6, and 216.8. This programmatic barrier prevents qualified individuals with disabilities from participating in the program.

### F. Prior Notice and Deliberate Indifference

33. Defendants CPD and CHA have had **prior notice** of ongoing accessibility violations at the facility.

34. FOIA records demonstrate that CPD and CHA have been respondents in **multiple accessibility complaints filed before the Chicago Commission on Human Relations (CCHR) and have also been defendants in settled Cook County Court litigation** concerning these same facilities.

35. These prior matters, including the settled litigation and CCHR complaints, placed Defendants CPD and CHA on **longstanding notice of ongoing accessibility violations**.

36. The deliberate indifference of the Defendants is further evidenced by specific admission: during an October 2025 call, **Larry Labiak, CPD's Disability Policy Officer, acknowledged he had previously received complaints about this same parking lot.**

37. Each Defendant maintains a substantial public budget.

38. Addressing the identified barriers—including restriping spaces, adding signage, and repairing walkways—would constitute **minimal expenses**.

39. The Defendants' prolonged refusal to take action on these readily achievable fixes demonstrates deliberate indifference to the rights of the disabled community (28 C.F.R. §35.150(a)(3)).

### G. Intent to Return

40. The Plaintiff maintains the intent to use Robert Taylor Park again once the identified architectural and programmatic barriers are removed and accessibility is ensured.

## IV. CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12132)

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Defendants CPD, CHA, and CPS are public entities or operate public services subject to the requirements of Title II of the ADA.

43. Title II of the ADA prohibits discrimination against qualified individuals with disabilities in the provision of public services.

44. Defendants have failed to operate programs, services, and activities—including the 'Kick the Streets' karate program and general access to Robert Taylor Park—so that, **when viewed in their entirety, they are readily accessible to and usable by individuals with disabilities** (42 U.S.C. §12132).

45. The presence of physical barriers, including the lack of accessible parking, the absence of an accessible route, the broken and uneven pavement, and the lack of elevator access to second-floor programming, constitutes an ongoing failure to provide equal access to Plaintiff.

46. The Defendants acted with deliberate indifference by maintaining these known, dangerous, and easily remedied barriers despite prior notice, including specific complaints acknowledged by Defendant CPD.

47. As a direct and proximate result of the Defendants' failure to comply with Title II, Plaintiff was denied the opportunity to accompany her grandchild and participate in the public benefits of the park.

## COUNT II: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. §794)

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Defendant CHA owns the land on which Robert Taylor Park is located and receives federal assistance.

50. Defendant CPS operates Ludwig Van Beethoven Elementary School and conducts programs on CHA-owned land, and CPS receives federal funding.

51. Section 504 of the Rehabilitation Act prohibits discrimination on the basis of disability under any program or activity receiving federal financial assistance.

52. Defendants CHA and CPS failed to ensure that their facilities and programs were accessible to the Plaintiff, a qualified individual with a disability.

53. The systematic failure to provide compliant parking, safe routes, and programmatic accessibility (such as elevator access to the second-floor karate program) violates Section 504.

54. Defendants CPD, CHA, and CPS acted with **deliberate indifference** toward Plaintiff's rights and the rights of the disabled public by refusing to implement readily achievable fixes despite maintaining substantial budgets and having received explicit prior complaints about the barriers.

55. CPD, CHA, and CPS are **jointly and severally liable** for all violations alleged herein, as all three entities share responsibility and control over the subject property and its programs.

56. As a direct and proximate result of the deliberate indifference and violations of Section 504, Plaintiff suffered injury and was denied access.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff NICOLE HERMON respectfully requests that this Honorable Court enter judgment against Defendants Chicago Park District, Chicago Housing Authority, and Chicago Public Schools, and grant the following relief:

A. **DECLARE** that the Defendants are in violation of Title II of the Americans with Disabilities Act (42 U.S.C. §12132) and Section 504 of the Rehabilitation Act (29 U.S.C. §794).

B. **DECLARE** that Defendants are jointly and severally liable for all damages, fees, and costs incurred by the Plaintiff.

C. **ENJOIN** Defendants to immediately provide compliant accessible parking facilities, accessible ramps, repaired and accessible routes of travel, elevator access to second-floor programming, and compliant signage at Robert Taylor Park.

D. **AWARD** Plaintiff compensatory damages for the denial of access, discrimination, and emotional distress caused by the Defendants' deliberate indifference.

E. **AWARD** Plaintiff reasonable attorney's fees, including all reasonable ongoing fees, costs, and litigation expenses as permitted by law.

F. Grant such other and further relief as this Court deems necessary and proper.

## VI. EXHIBITS

The following exhibits are attached and incorporated herein:

• **Exhibit A:** Investigator Report – Tony Mirato (10/09/2025, certified).

• **Exhibit B:** 'Kick the Streets' Karate Program Flyer Photo.

• **Exhibit C:** Photographs – Beethoven School (No Accessible Parking or Signage), CPD/CHA/CPS Trash Route, Potholes, and Karate Entrance (No Directional Signage).

### JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

Dated: 10-17-25

Respectfully submitted,

By: [signature]

Nicole Hermon
*Pro Se Plaintiff*
Tel: (312) 586-5800
Email: nhermon1415@gmail.com

Investigator: Tony Mirato LPD, PSD
License Numbers: 115.002784, 119.001817
Investigator #386
Chicagoland Detective Services
Lic# 117.001343
4425 W Irving Park Rd.
Chicago, IL 60641



**EXHIBIT 1**

## Objective

Determine ADA accessibility of Robert Taylor Park 39 W 47th Street Chicago, IL 60609.

## Narrative

Investigator arrives at above location on October 3rd, 2025 at 12:01pm. Weather is clear and sunny 83 degrees.

There is an adjacent driveway to the East that appears to belong to the Chicago Park District. Upon turning into the driveway, the investigator notes that there is Ludwig Van Beethoven Public School straight ahead to the south.



There is no labeling as to whom the parking lot belongs to, which appears to possibly be shared between the school and park district.

The investigator parks and observes a generously sized parking lot with parking along the front of the school and on both sides of the driveway behind an empty lot and the park district building. There is ample signage along the school's perimeter, none of which state the lot as

belonging to the school. There is however a sign that notes the lot is only open during school hours.



It appears the school has 2 handicapped parking spaces that flank a ramp that leads directly to the front entrance of the school.



Across the way behind the park district building there is parking for roughly 15 vehicles. There are not any handicapped parking spaces or ramps to make the sidewalk or park accessible.



The only ADA access to the park district property is an unmarked ramp between the dumpsters, presumably used for garbage removal. Even after navigating through the trash, the sidewalk is so damaged that it would be very difficult, if not dangerous, to navigate.



## Summary

It is not apparent as to who this parking lot belongs to, but it is easy to assume that part of this lot is for the park district as it abuts the park property. There are no marked accessible parking facilities, signage, or ramps to allow individuals with disabilities to access the park or its buildings. As stated previously there is access through the dumpster pad, which is dirty and dangerous. However, this is not marked as an access point to the park.

## End of Report

I certify that this report is a true and accurate account of my observations.

Tony Mirato LPD, PSC
LIC# 115.002784
LIC# 119.001817

*Tony Mirato*
10/09/2025



EXHIBIT 2



EXHIBIT 3



