UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
Eastern Division

Nicole Hermon
                Plaintiff,

v.                                              Case No.: 1:25−cv−12706
                                                         Honorable Sunil R. Harjani

Chicago Park District, et al.
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, January 28, 2026:

      MINUTE entry before the Honorable Sunil R. Harjani:Defendant CPS's motion to dismiss [10] is granted in part and denied in part. Although a plaintiff need not provide detailed allegations to fend off a motion to dismiss, the "allegations must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 555, 570 (2007). In order to recover compensatory damages under the ADA or Rehabilitation Act, a plaintiff must allege intentional discrimination, which can be established by a showing of deliberate indifference. Lacy v. Cook Cnty., 897 F.3d. 847, 863 (7th Cir. 2018). Deliberate indifference is shown when the defendant: (1) knew that a harm to a federally protected right was substantially likely, and (2) failed to act on that likelihood. Id. at 862. A plaintiff can satisfy the knowledge element by showing that she alerted the "public entity to her need for accommodation or that the need for accommodation is obvious or required by statute or regulation." Reyes v. Dart, 2019 WL 1897096, *9 (N.D. Ill. Apr. 29, 2019). Defendant CPS has only argued that Plaintiff failed to allege that it had notice of the accessibility violation. This is correct. Plaintiff makes numerous allegations against the Chicago Park District and the Chicago Housing Authority that they were on notice and were deliberately indifferent, but says nothing about CPS. See Compl, para. 33−36. As a result, Plaintiff's claim for compensatory damages cannot survive, as no plausible claim has been made by Plaintiff's silence. Any other argument in CPS's motion to dismiss, which consists of three pages that primarily cite the elements of the claim with little legal analysis, is waived as perfunctory and undeveloped. Rock Hemp Corp. v. Dunn, 51 F.4th 693, 704 (7th Cir. 2022). And regardless, Plaintiff has adequately alleged that she is a qualified individual with a disability, that she experienced the lack of access at the park and its facilities, that the structural barriers violate the ADA and Rehabilitation Act, and that CPS jointly operates those facilities. Thus, Plaintiff has adequately stated a claim for declaratory or injunctive relief at this stage, when (1) taking the allegations as true, (2) viewing all inferences in Plaintiff's favor, and (3) liberally construing the pro se complaint. The dismissal is without prejudice to Plaintiff's right to replead by 2/11/206. If no amended complaint is received, then the dismissal converts to with prejudice and Defendant shall answer the Compliant by 2/25/2026. Given that the Court has resolved the motion to dismiss, the motion to stay discovery [29] is denied as moot. Tracking status is set for 3/4/2026 at 9:15 a.m. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.