


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HERMON,<br><br>Plaintiff,<br>v.<br><br>CHICAGO PARK DISTRICT, CHICAGO HOUSING AUTHORITY, and CHICAGO PUBLIC SCHOOLS<br><br>Defendants. | Case No. 1:25-cv-12706<br><br>Judge Sunil R. Harjani<br>Magistrate Judge Maria Valdez |

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(TITLE II ADA & SECTION 504)**

Plaintiff Nicole Hermon, proceeding pro se, files this First Amended Complaint pursuant to the Court's January 28, 2026 Order. This amendment makes limited clarifying allegations regarding Defendant Chicago Public Schools to ensure that all public entities with authority over the subject property are properly before the Court for purposes of declaratory and injunctive relief. All other allegations are reasserted.

I. **JURISDICTION AND VENUE**

1. This action arises under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq.

2. This action also arises under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District because all acts and omissions giving rise to this action occurred in Chicago, Illinois.

## II.  PARTIES

5. Plaintiff Nicole Hermon is a qualified individual with a disability within the meaning of the ADA and the Rehabilitation Act.

6. Plaintiff sought to access Robert Taylor Park in Chicago, Illinois, to accompany her grandchild to a recreational program open to the public.

7. Plaintiff was denied equal access due to architectural and programmatic barriers maintained by Defendants.

8. Defendant Chicago Park District is a municipal corporation responsible for the management, operation, and maintenance of Robert Taylor Park.

9. Defendant Chicago Housing Authority owns the land upon which Robert Taylor Park is located and receives federal financial assistance.

10. Defendant Chicago Public Schools operates Ludwig Van Beethoven Elementary School adjacent to Robert Taylor Park and conducts programs on CHA-owned land.

11. CPD, CHA, and CPS jointly use portions of the property upon which the accessibility barriers alleged herein exist.

12. Defendant Chicago Public Schools exercises operational authority, control, and joint use over portions of the subject property and facilities at and adjacent to Robert Taylor Park, including parking areas, routes of travel, and program access associated with Ludwig Van Beethoven Elementary School, and possesses authority to implement corrective measures with respect to accessibility compliance.

### III. STATEMENT OF FACTS

13. Robert Taylor Park is situated on property owned by CHA and jointly used and operated by CPD and CPS.

14. The property includes shared parking areas behind the school and park district building without signage identifying ownership.

15. At all relevant times, there was no physical, functional, or operational line of demarcation separating the responsibilities of CPD, CHA, and CPS with respect to parking facilities, routes of travel, or areas used by the public.

**Plaintiff's Attempted Access**

16. On or about September 4, 2025, Plaintiff visited Robert Taylor Park to accompany her grandchild to the Kick the Streets karate program.

17. Plaintiff was deterred and denied equal access due to missing accessible parking, unsafe routes of travel, and inaccessible program locations.

### IV. ARCHITECTURAL AND PROGRAMMATIC BARRIERS

18. An inspection conducted on October 3, 2025, documented multiple violations of the 2010 ADA Standards for Accessible Design.

19. The shared parking areas contain no designated accessible parking spaces or signage.

20. There are no curb ramps or accessible routes connecting the parking areas to the park entrance.

21. Pavement is broken and uneven, creating hazards for individuals with mobility impairments.

22. The karate program Plaintiff sought to attend is located on the second floor of

the park building without elevator access.

## V. PRIOR NOTICE AND FAILURE TO REMEDIATE

23. Defendants Chicago Park District and Chicago Housing Authority had prior notice of accessibility barriers through complaints and investigations.

24. Despite such notice, Defendants failed to take timely corrective action to remove readily achievable accessibility barriers.

## VI. INTENT TO RETURN

25. Plaintiff intends to return to Robert Taylor Park once accessibility barriers are removed and equal access is provided.

## VII. CAUSES OF ACTION

### Count I – Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)

26. Plaintiff incorporates all preceding paragraphs.

27. Defendants CPD, CHA, and CPS are public entities subject to Title II of the ADA.

28. Defendants failed to operate services, programs, and activities so that they were readily accessible to individuals with disabilities.

### Count II – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

29. Plaintiff incorporates all preceding paragraphs.

30. CHA owns the land and receives federal financial assistance.

31. CPS operates programs on CHA-owned land and receives federal financial assistance.

32. Defendants failed to ensure facilities and programs receiving federal funding were accessible.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

A. Declare Defendants in violation of Title II of the ADA and Section 504 of the Rehabilitation Act.

B. ENJOIN Defendants Chicago Park District, Chicago Housing Authority, and Chicago Public Schools to remove architectural and programmatic barriers and to bring the subject property into compliance with Title II of the ADA and Section 504 of the Rehabilitation Act.

C. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable

Respectfully submitted,

Nicole Hermon

Pro Se Plaintiff

(312) 586-5800

Nhermon1415@gmail.com